IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RAYMOND A. SHELKO, D.D.S., P.C.**, | : | |
| **Plaintiff** | : | |
| v. | : | 5:05-CV-330 (WDO) |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

**ORDER**

Plaintiff seeks judicial review of the Internal Revenue Service's decision to proceed with levies pursuant to its Notices of Intent to Levy for payroll taxes from June 30, 2004 to September 30, 2004. Defendant has filed a motion for summary judgment to which Plaintiff filed no response.

Summary Judgment is appropriate when the pleadings, depositions and affidavits submitted by the parties show no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Supreme Court has explained that the moving party's burden may be discharged "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In Celotex, the Court held that summary judgment is appropriate against

> A party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as

1

>to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Id. at 322-23. "Summary judgment . . . is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex, 477 U.S. at 327 (citing Fed. R. Civ. P. 1; Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 467 (1984)). The following facts are those submitted by the Defendant to which the Plaintiff has not responded, and which are supported by the record.

Plaintiff Raymond A. Shelko, D.D.S., P.C. ("the taxpayer") failed to fully pay its payroll withholding taxes to the United States for the taxable period between June 30, 2004 and September 30, 2004. Because of this failure, the IRS assessed the taxpayer for its outstanding liability. On February 24, 2005, the IRS issued a Final Notice of Intent to Levy in an effort to collect the liability.

In response to the Notice of Intent to Levy, and in accordance with 26 U.S.C. § 6330, the taxpayer mailed a written request for a collection due process hearing to the IRS Office of Appeals. In a letter attached to the form, Dr. Shelko, the taxpayer's registered agent, stated that:

>My only real option for successfully being able to borrow the funds needed to

> at least pay in full the amount shown on page 2 of the notice is to use the equity in my house. I am in the process of working with a mortgage lender to refinance my home, which will allow me to pay off at least the $21,288.44 within the next 2 - 3 weeks. Please do not issue a levy against my business at this point.

Settlement Officer Gail Dickerson ("Dickerson") waited more than one month, and after receiving no correspondence from the taxpayer, on May 16, 2005, mailed the taxpayer a letter acknowledging receipt of its correspondence. By this letter, Dickerson also scheduled a hearing for June 28, 2005. Dickerson advised the taxpayer:

> For me to consider alternative collection methods such as an installment agreement or offer in compromise, you must provide any items listed below. In addition, you must have filed all federal tax returns due. Since you have a business with employees, you must have timely paid any required federal tax deposits for the current tax periods (and to be considered for an offer in compromise you must be current for the two most recent tax periods).

The letter listed several items to be provided by the taxpayer within fourteen days of the date of the letter, including a completed collection information statement, a tax return for the period ending March 31, 2004 and proof of federal deposits for the periods ending March 31, 2005 and June 30, 2005. The taxpayer failed to send the requested documents within fourteen days. On May 25, 2005, Appeals learned through the taxpayer's representative that the taxpayer was unavailable for the June 28, 2005 hearing but would like to retain its right to be present at the hearing. The parties rescheduled the telephonic hearing for June 24, 2005. Dickerson reminded the taxpayer's representative that the requested information would be needed several days in advance of the conference. On June 23, 2005, the Office of Appeals received a phone message from the taxpayer's representative requesting another

delay of the hearing. Dickerson declined to reschedule the hearing and reminded the representative that the taxpayer continued to fail to comply with her request for certain documents. Prior to the hearing, Dr. Shelko refinanced his house. Rather than using the proceeds to pay the tax liabilities that were the subject of the levy notice, the taxpayer paid personal federal and state income tax liabilities, thereby limiting collection alternatives of the employment tax liabilities. On June 24, 2005, a hearing was held with Dickerson, the taxpayer and the taxpayer's representative via a teleconference. Dickerson determined that the proposed levy balanced the need for efficient collection of taxes with the taxpayer's concern that the collection action be no more intrusive than necessary.

The Office of Appeals sustained the levy because (1) the required forms had been untimely delivered to the settlement officer just before the hearing; (2) federal tax deposits had not been made current; and (3) Dr. Shelko secured $80,000 but used the proceeds of the refinancing to pay his individual federal and state tax liabilities, rather than the liabilities at issue in this case. Plaintiff filed the case at bar seeking judicial review of the Notice of Determination. Plaintiff alleges it was not provided fair consideration and was not given an opportunity to be heard by a settlement officer.

Pursuant to 26 U.S.C. § 6331, the Internal Revenue Service may collect unpaid taxes by seizing property belonging to a taxpayer. This is generally done by the IRS when it serves a levy on third parties that hold property belonging to the taxpayer. Before the IRS can issue a levy, it must serve on the taxpayer a final Notice of Intent to Levy. A taxpayer then has the right to request a "collection due process" hearing within 30 days of the notice.

Collection due process hearings are conducted by an IRS officer who has had no prior involvement with the case (unless the taxpayer waives this requirement). The appeals officer conducting the hearing must obtain verification from the Secretary "that the requirements of any applicable law or administrative procedure have been met." 26 U.S.C. § 6330(c)(1). A taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy" such as (i) appropriate spousal defenses, (ii) challenges to the appropriateness of collection actions and (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement or an offer-in-compromise. Id. at § 6330(c)(2)(A). A taxpayer may also challenge "the existence or amount of the underlying tax liability if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Id. at § 6330(c)(2)(B). A determination must be made that the proposed collection activity balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. Id. at § 6330(c)(3)(c). These hearings are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting. A hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative or some combination thereof. Treas. Reg. § 301.6330-1(d)(2) Q&A D6. At the conclusion of the hearing, the Office of Appeals issues a Notice of Determination setting forth its findings and decision. Treas. Reg. § 301.6330-1(e)(3) Q&A E8. Within 30 days of

the determination, the taxpayer may seek judicial review. 26 U.S.C. § 6330(d)(1).

The district court generally conducts its review on the administrative record. See Robinette v. Comm'r, 439 F.3d 455, 459 (8th Cir. 2006). Determinations made by the IRS Office of Appeals are entitled to a deferential standard of review. Living Care Alternatives of Utica, Inc. v. United States, 411 F.3d 621, 625 (6th Cir. 2005). When the amount of the tax liability is not at issue, the determination made by the Appeals Officer is reviewed for an abuse of discretion. Id. at 626.

In the case at bar, the Office of Appeals clearly complied with the requirements set forth above. The due process hearing was conducted by an officer who had no prior involvement with the case. The officer determined that the requirements of applicable law and administrative procedure had been met and that the proposed collection action balanced the need for the efficient collection of taxes with the taxpayer's legitimate concerns that the collection action be no more intrusive than necessary. At the hearing, Plaintiff requested additional time to provide Dickerson with the documents she requested approximately two months earlier, verbally and in writing. Plaintiff failed to submit the forms until fifteen minutes prior to the hearing and many of the forms were incomplete and lacked documentation. Additionally, Plaintiff was not current with quarterly tax deposits for the second quarter of 2005. The Office of Appeals did not abuse its discretion in this case when it sustained the Notice of Intent to Levy. The undisputed evidence establishes that Plaintiff received fair consideration and ample opportunity to be heard. The settlement officer provided multiple opportunities for the Plaintiff to comply with document and information

requests in order for a collection alternative to be considered. Plaintiff's failure to provide the requested information and completed information prohibited the settlement officer from considering an alternate collection action. Based on the foregoing, Defendant's motion for summary judgment is GRANTED.

**SO ORDERED this 25th day of July, 2006.**

**S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE**